51 CCPA
### Application of Robert A. BOLLER and Richard B. Graver.
### Patent Appeal No. 7198.

United States Court of Customs and Patent Appeals.

June 4, 1964.

Stevens, Davis, Miller & Mosher, John H. Lewis, Jr., Donald G. Welsh, Washington, D. C. (Sherman J. Kemmer, Crystal, Minn., of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 71–83 in application serial No. 743,027, filed June 19, 1958, for "Modified Alkyd Resin Composition and Process of Preparing the Same." Eight claims were allowed by the examiner.

The invention relates to film-forming resin compositions soluble in organic solvents and useful as paint, varnish and enamel vehicles. Such compositions are particularly useful for making "baked enamel" finishes. Appellants' composition is similar to that described in Appeal No. 7197, decided concurrently herewith, C.A.R.C., 332 F.2d 382, the essential difference in this case being solubility in organic solvents instead of water solubility.

For purposes of this appeal, the description of the invention in Appeal No. 7197, considered with claim 71 herein, will suffice. Claim 71 reads:

"71. In combination, an organic solvent solution comprising (1) an alkyd resin modified with monobasic acid carbon chains of 6 to 26 carbon atoms and (2) from about 5% to about 25% epoxidized fatty ester containing unreacted oxirane groups, said alkyd resin (1) having a plurality of hydroxyl and neutralized carboxyl groups with a neutralized residual acid number of about 80 to 120, said epoxidized fatty ester (2) having between about 4% to 12% oxygen as non-terminal oxirane groups formed by introducing oxygen into a carbon chain containing 6 to 26 carbon atoms and providing a three member heterogeneous ring with two adjacent carbon atoms within the carbon chain, and (3) *an acid neutralizing means for temporarily neutralizing said residual acidity and for temporarily inhibiting reaction between the carboxyl groups of said alkyd (1) and the oxirane groups of said epoxidized fatty ester (2)*." [Emphasis ours.]

Claims 72–77 all depend from claim 71, and add limitations immaterial to this appeal. Claims 78–83 are drawn to a method of preparing appellants' composition. The only relevant difference between claims 71–81 and 82–83 is that the latter define the neutralizing agent as "a neutralizing agent for said carboxyl groups selected from the group consisting of volatile amines, amides and ammonia * * *."

The sole ground of rejection of all claims, as in Appeal No. 7197, is failure to comply with 35 U.S.C. § 112 in that, as the board held, all claims are "unduly broad and indefinite in reciting the acid neutralizing agent."

The board said:

"The neutralization is an essential feature of the invention. Appellants are, in our view, entitled to claim this feature in terms which are of a scope commensurate with their disclosure. The claims before us go clearly beyond that scope. Even if this essential feature could properly be functionally defined, the claims do not state the whole function. Recital of 'temporarily neutralizing' does not indicate it with sufficient definiteness. Claim 82 includes amides which are not necessarily volatile at baking temperatures. We will sustain the rejection, but with a recommendation under Rule 196(c) that claim 82 be allowed if appellants amend it to limit it to volatile alkyl amines and volatile alkyl amides."

With respect to the alleged "undue breadth" of the claims, appellants refer to their specification which discloses neutralizing agents as follows:

"However, other like volatile amines and volatile alkyl amides as dimethyl formamide and other temporary reaction inhibitors of the character of weak organic bases may be utilized in the corresponding and necessary amounts, as required, and with or without being in mixed form for obtaining neutralization. However, in some instances other less preferable inhibitors, for example, ammonia, dimethylethanol amine, mono-ethanolamine, diethanolamine, dipropylamine, diisopropylamine and mixtures thereof may be utilized, in correspondingly equivalent stoichoimetric and necessary amounts, as indicated."

For reasons set forth in Appeal No. 7197, we sustain the rejection. Claims 71–81 fail to define the neutralizing agent as "volatile." Claims 82 and 83, although specifying "volatile amines" and "ammonia" which is inherently volatile, include "amides" without any qualification, some of which are not volatile.

The decision of the board is affirmed.

Affirmed.